UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER GARDNER,

Plaintiff,

v. CASE NO. 3:25-cv-472-SJH

UNITED STATES OF AMERICA,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court on (i) Plaintiff's motion for summary judgment ("MSJ"), Doc. 29, and Defendant's response thereto, Doc. 35; and (ii) Plaintiff's second amended motion for judicial notice ("Motion for Notice"), Doc. 34, and Defendant's response thereto, Doc. 36. For the reasons herein, the MSJ and the Motion for Notice are each due to be denied.

Plaintiff has asserted a single claim against Defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, alleging negligence in connection with an automobile accident that occurred on or about June 11, 2023, involving a vehicle driven by Plaintiff and a vehicle driven by Gregory Allen Forbes acting in the course and scope of his employment with the United States Postal Service. Doc. 1.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show, by reference to materials on file, that there are no genuine issues of

material fact to be determined at trial[,]" and "[o]nly after the moving party has satisfied that burden does the burden shift to the nonmoving party to demonstrate that summary judgment would be inappropriate because there exists a material issue of fact." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *see also Bayse v. Ward,* 147 F.4th 1304, 1312 (11th Cir. 2025); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).[1]

In the MSJ, Plaintiff relies on Plaintiff's description of (i) the deposition testimony of Mr. Forbes; and (ii) two videos of the accident. Doc. 29 at 2–5, 7–11.[2] But "[s]tatements by counsel in briefs are not evidence[.]" *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (citation omitted); *see also Chang v. Carnival Corp.*,

[1] Thus, the initial burden on summary judgment is always on the moving party. *See Bayse*, 147 F.4th at 1312 ("The moving party always 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" (citation omitted)). But the moving party's initial burden on summary judgment depends on which side would bear the burden of proof at trial. *See id.* Here, Plaintiff primarily seeks summary judgment on liability, for which Plaintiff acknowledges Plaintiff bears the burden of proof at trial. Doc. 29 at 7. Thus, Plaintiff "must show *affirmatively* the absence of a genuine issue of material fact" with citations to evidence on file. *See Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013); *see also Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312, 1317 (11th Cir. 2024). Though unclear, Plaintiff appears to also seek summary judgment on a defense of comparative fault. Doc. 29 at 9. As to an issue for which the nonmoving party bears the burden of proof at trial, a summary judgment movant may either provide affirmative evidence showing that the nonmoving party will be unable to prove its case at trial *or* point out a lack of evidence to support the nonmoving party's case—but the movant must at minimum point to materials on file showing the nonmoving party will not be able to satisfy its trial burden, and "it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark*, 929 F.2d at 608; *see also Mullins*, 228 F.3d at 1313–14.

[2] Plaintiff also cites to a traffic crash report, responses to requests for admission, and an email exchange concerning experts for limited and discrete background purposes (such as that Mr. Forbes was acting in the course and scope of his employment) or tangential issues. Doc. 29 at 2–3, 5. But Plaintiff's argument is predicated on the deposition testimony and the videos, and Plaintiff does not argue or demonstrate that he would be entitled to summary judgment absent those materials. *See id.* at 2, 7–11.

839 F.3d 993, 997 (11th Cir. 2016); *Dawley v. NF Energy Saving Corp. of Am.*, No. 6:07-cv-872-Orl-19DAB, 2008 WL 53624, at *2 (M.D. Fla. Jan. 2, 2008). And, Plaintiff's (non-evidentiary) assertions about what the deposition and/or videos demonstrate is unsupported. *See* Doc. 29.

With respect to the deposition, Plaintiff attaches and cites only to partial excerpts of what is expressly and conspicuously marked as an "UNEDITED, UNPROOFREAD, UNCORRECTED, UNCERTIFIED ROUGH DRAFT[.]" Doc. 29-3. Plaintiff makes no argument whatsoever as to how an unedited, unproofread, uncorrected, and uncertified "rough draft" of testimony can be reduced to admissible evidence—on its face, absent adjustment, it could not be—and demonstrate entitlement to judgment as a matter of law. *See, e.g.*, *Valley Fresh Produce, Inc. v. W. Skyways, Inc.*, No. 17-cv-1450-PAB-KLM, 2019 WL 4695668, at *4 (D. Colo. Sept. 25, 2019) ("The front page of the transcript contains a disclaimer stating that it is an 'unedited' and 'uncertified rough draft transcript' that 'cannot be used or cited in any court proceedings.' Given this clear language and plaintiffs' failure to provide any explanation for submitting an uncertified transcript of Mr. Baker's deposition, the Court will not consider the transcript for purposes of resolving the parties' summary judgment motions." (internal citations omitted)); *see also Rideau v. Luna*, No. 20-cv-1682, 2022 WL 4479179, at *4 (W.D. La. Sept. 26, 2022); Fed. R. Civ. P. 30(f)(1); Fed. R. Civ. P. 56(c); *cf. Escobar v. Nev. Helicopter Leasing LLC*, No. 13-cv-598-HG-

WRP, 2020 WL 1081689, at *3 n.1 (D. Haw. Mar. 6, 2020).[3] With respect to the videos, Plaintiff has not filed any—Plaintiff's statements as to what the videos purportedly depict is backed only by still screenshots that show nothing of consequence to verify those statements. Doc. 29-2; Doc. 29-5. In short, the MSJ is predicated on unsupported statements of counsel, not evidence. *See Chang*, 839 F.3d at 997; *see also Travaglio*, 735 F.3d at 1270; *Dawley*, 2008 WL 53624, at *2.[4] Plaintiff has not carried Plaintiff's initial burden, and the MSJ is due to be denied.

Turning to the Motion for Notice, it suffers from similar shortcomings. The Motion for Notice seeks "judicial notice of the posted speed limit in the vicinity of U.S. HWY 1 and Cedar Grove Road, in Palm Coast, Florida" and in support cites a composite exhibit Plaintiff argues verifies this limit through "photographic evidence, the official police report in this action, google maps images and official records from the Florida Department of transportation as well as the City of Palm Coast Florida." Doc. 34 at 1–2; Doc. 34-1. Upon consideration, the Court is not convinced that Plaintiff has adequately shown in the Motion for Notice the speed limit at the location and on the date of the accident in question to "be accurately and readily determined

---

[3] The Court notes that the defect extends beyond a mere (and potentially curable) failure to file a full transcript, cover page, and/or certification page. Plaintiff expressly cites to what facially purports to be rough, unedited, unproofread, uncorrected, and uncertified non-evidence. In addition, and beyond the facial problems under the Federal Rules of Civil Procedure, the MSJ independently violates the express requirements of the Court's Case Management and Scheduling Order. Doc. 17 at 2–3 (directing that for motion practice "[t]he Court requires the filing of complete deposition transcripts rather than excerpts.").

[4] The Court notes that the evidentiary shortcomings in the MSJ were identified and argued in the response thereto. Doc. 35. Plaintiff did not file any reply brief, *see* Local Rule 3.01(e), seek in any way to supplement the record, and/or otherwise address these arguments.

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Doc. 34-1; Doc. 36 at 2–5. The Motion for Notice is due to be denied.

Accordingly, the MSJ, Doc. 29, and the Motion for Notice, Doc. 34, are each **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on October 6, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record